ANSTEAD, Judge,
dissenting in part.
I dissent only as to that part of the opinion which holds that there was insufficient evidence to support the trial court’s finding that the November, 1975 fee limitation was terminated by mutual agreement in 1976. The record contains numerous references to the circumstances underlying the November agreement, namely that the major legal work in the administration of the estate had been completed and that the role of Mr. Della-Donna in any remaining litigation would be nominal and limited. The record also contains numerous references to the abrupt change in those circumstances some months later which gave rise to Mr. Della-Donna’s assumption of primary responsibility in the remaining litigation. And, while it is true that the record does not contain an explicit “I said so-and-so and he said okay” account of the agreement to waive the November arrangement, the record contains an abundance of evidence to support a conclusion that such an agreement to waive was approved orally and by the actions of the personal representative. The meaning of that evidence is reflected in the trial court's own question summarizing Della-Donna’s testimony early in the trial:
THE COURT: I sustain the objection, but my question was that you said Personal Representative’s Exhibit 2, the written fee contract was changed orally. I didn’t put down orally, but I assume you don’t have any other writings, so it must have been orally. When the situation with H and H — Hogan and Hart-son — came to light and you realized you had to take a more detailed activity or would be undertaking more of an activity with them in it, is the situation meaning a conflict that you realized they had or that they were not with you on your side a hundred percent? Is that what you are talking about?
The probate judge was the trier of fact. He listened to Della-Donna’s explanation not just once, but several times during the course of the trial. This testimony supported not only an oral waiver of the agreement but several references to the personal representative being informed of subsequent billings at a higher rate, such as $75 per hour rather than the $50 per hour set out in the agreement, and agreeing to that higher rate both orally and by signing off on actual bills. It was up to the trier of fact to judge the credibility of Della-Donna’s testimony and to draw reasonable inferences therefrom. I fear that this court is simply substituting its conclusions in place of those conclusions reasonably drawn by the probate judge.
The majority discussion about the delay in the production of a copy of the fee agreement is also incomplete in that it fails to reflect that appellant’s lead trial counsel acknowledged to the trial court that he had examined the agreement in another pro *617 ceeding conducted the case going to trial. year prior to this